**NOT FOR PUBLICATION**

MAY 15 2015

UNITED STATES COURT OF APPEALS



FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| CHARLES MIKICH and ALEXIS MIKICH,<br><br>Plaintiffs - Appellants,<br><br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO; et al.,<br><br>Defendants - Appellees. | No. 13-15535<br><br>D.C. No. 4:11-cv-04629-DMR<br><br>MEMORANDUM<sup>*</sup> |

Appeal from the United States District Court
for the Northern District of California
Donna M. Ryu, Magistrate Judge, Presiding

Argued and Submitted April 17, 2015
San Francisco, California

Before: SCHROEDER and N.R. SMITH, Circuit Judges and GLEASON,<sup>**</sup> District Judge.

Charles and Alexis Mikich appeal the district court's order granting

summary judgment to Defendants in the Mikiches' 42 U.S.C. § 1983 action. The

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*        The Honorable Sharon L. Gleason, District Judge for the U.S. District Court for the District of Alaska, sitting by designation.

district court held that Defendants were protected by qualified immunity even though they removed the Mikiches' infant daughter AM from her parents without first obtaining a warrant. We reverse and remand for further proceedings.

"Government officials are not entitled to qualified immunity if (1) the facts taken in the light most favorable to the party asserting the injury show that the defendants' conduct violated a constitutional right and (2) the right was clearly established at the time of the alleged violation." *Sandoval v. Las Vegas Metro. Police Dep't*, 756 F.3d 1154, 1160 (9th Cir. 2014) (internal alterations and quotation marks omitted). "Parents and children have a well-elaborated constitutional right to live together without governmental interference. That right is an essential liberty interest protected by the Fourteenth Amendment's guarantee that parents and children will not be separated by the state without due process of law except in an emergency." *Wallis v. Spencer*, 202 F.3d 1126, 1136 (9th Cir. 2000) (internal citations omitted). Officials investigating child abuse or neglect act lawfully in removing a child without a warrant "only if the information they possess at the time of the seizure is such as provides reasonable cause to believe that the child is in imminent danger of serious bodily injury and the scope of the intrusion is reasonably necessary to avert that specific injury." *Id.* at 1138.

With regard to the first prong, we agree with the district court that, construing the facts in the light most favorable to the Mikiches (as we are bound to do at the summary judgment phase), a rational juror could conclude that Defendants Bonnie Dickerson and Dan Phillips violated the Mikiches' constitutional rights. First, a reasonable juror could conclude that given the factors identified by the social workers, including AM's low birth weight and the Mikiches lack of a plan for housing, Defendants had reasonable cause to believe that AM would be in imminent danger if released to her parents.

However a reasonable juror also could conclude from the Mikiches' evidence that Defendants made the decision to remove AM from her parents' custody on or before December 9 (over twenty-four hours prior to AM's discharge). Lastly, a reasonable juror could find that Defendants knew AM was to be released on December 10. As such, a reasonable juror could conclude that the decision to remove was made at a time when the child was not in imminent danger, and yet no warrant was obtained. Instead, based on the testimony of Defendants' own expert, Defendants could have obtained a warrant in the time between forming the decision to remove AM and the child's removal. Therefore, based on these facts, the district court did not err in finding that a reasonable juror could conclude that Dickerson and Phillips violated the Mikiches' constitutional rights.

As to the second prong: we ask whether the law was clearly established such that a reasonable social worker would be on notice that removing AM from her parents' custody violated the law. "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Saucier v. Katz*, 533 U.S. 194, 202 (2001), *overruled on other grounds by Pearson v. Callahan*, 555 U.S. 223 (2009). The right allegedly violated must be clearly established at more than a general level; "the right the official is alleged to have violated must have been 'clearly established' in a more particularized, and hence more relevant, sense: The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). "This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful, but it is to say that in the light of pre-existing law the unlawfulness must be apparent." *Id.* (internal citation omitted).

At the time of this event, it was clearly established law that, in order for a warrantless removal based on exigent circumstances to be lawful, a social worker "must have reasonable cause to believe that the child is likely to experience serious bodily harm in the time that would be required to obtain a warrant." *Rogers v.*

*Cnty. of San Joaquin*, 487 F.3d 1288, 1294 (9th Cir. 2007). No reasonable social worker could have concluded that AM was in imminent danger of serious bodily injury while she was in the hospital; the danger already identified as potentially warranting seizure would only materialize at the time of AM's discharge. Accordingly, because the danger would not have arisen in the time it would have taken Defendants to obtain a warrant, no reasonable social worker in Defendants' position would have believed it was lawful to remove AM without obtaining a warrant.

We reverse the district court's summary judgment order and remand for further proceedings. Costs on appeal shall be awarded to appellants.

**REVERSED AND REMANDED**.